IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NGAN KIM NGUYEN MINNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SATILLA MEMORIAL HEALTH,<br><br>    Defendant. | CIVIL ACTION NO.: 5:24-cv-17 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action using a pro se civil complaint form. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff states she went to Satilla Memorial Hospital seeking treatment for a migraine headache and weakness on her left side. Doc. 1 at 6. Plaintiff was sent home after an examination. Plaintiff's husband was told nothing was wrong with her, and someone at the hospital told Plaintiff to follow up with her neurologist. Id. Later, Plaintiff's neurologist conducted tests and apparently discovered Plaintiff had pinched nerves and herniated discs. Id.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

at 7.  Plaintiff appears to request punitive damages and injunctive relief for being misdiagnosed at the hospital.  Id. at 4–5, 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by plaintiffs proceeding *in forma pauperis* 28 U.S.C. §§ 1915A(a), 1915(e).  The court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiffs' unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.   The Court Has No Jurisdiction Over Plaintiff's Claims

As explained to Plaintiff on the pro se civil complaint form, federal courts are courts of limited jurisdiction.  See Doc. 1 at 3.  Generally, only two types of cases can be heard in federal

court: cases involving a federal question and cases involving diversity of citizenship. A case arising under the United States Constitution or federal laws is a federal question case. 28 U.S.C. § 1331. A case in which a citizen of one state sues a citizen of another state or nation is a diversity of citizenship case, provided it meets the amount-in-controversy requirement. 28 U.S.C. § 1332. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

Plaintiff fails to plead a federal question or any basis for diversity of citizenship. Plaintiff wrote "Medical malpractice?" on the complaint form as the basis for federal question jurisdiction. Doc. 1 at 3. However, general medical malpractice claims are not governed by federal law or the Constitution. It also appears—based on Plaintiff's allegations—that Plaintiff and Defendant are citizens of Georgia. Id. at 3–4. Thus, there is no basis for diversity jurisdiction. After screening Plaintiff's claims, I find no basis for jurisdiction in this Court. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.

## II.  Leave to Appeal *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); seealso Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA